RECEIVED

AUG – 6 2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| Bobbie S. Jones and Ronice Porter | § § § | |
| Plaintiffs, | § § | **4:26-cv-01255 CDP** |
| v. | § § | |
| Stonegate Mortgage Corporation, Lakeview Loan Servicing, LLC, St. Louis County, Missouri, and Mortgage Electronic Registration Systems (MERS), | § § § § § | TRIAL BY JURY DEMANDED |
| Defendants. | § § § | |

---

## BILL OF COMPLAINT

---

COMES NOW, Plaintiffs, Bobbie S. Jones, and Ronice Porter, and respectfully shows to this Court the following:

### I. JURISDICTION

1.      This Court has jurisdiction under 28 U.S.C § 1331. Federal question jurisdiction arises pursuant to the 5th Amendment to the U.S. Constitution.

### II. VENUE

2.      Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint happened in the Eastern District of Missouri.

### III.  PARTIES

3.      Bobbie S. Jones and Ronice Porter, <u>husband and wife</u>, hereafter "Plaintiffs", reside at 3905 McCarren Court in Florissant, Missouri.  The Plaintiffs are the real owners and beneficiaries of all of the following Property: (1) the NOTE dated October 14, 20214, (2) Deed of Trust, (3) Loan Modification Agreement, (4) the real property (described below), and (5) all of

the intangible property—LOAN NUMBER 0000526796, INVESTOR LOAN NUMBER

0221367882, LOAN MODIFICATION NUMBER 0100256833, FHA# 703 292-6657349-703,

TAX ID 04J320170 and INSTRUMENT NUMBER 2014101700227, MIN:

100857700005267965, and Abstract#CTS7144—connected to the real property commonly

known as 3905 McCarren Court, Florissant, Missouri 63034, and legally described below:

> Legal Description:
>
> Lot 15-J of The Villages at Barrington Downs Section "J". Belmont Village, a subdivision in St. Louis County, Missouri, according to the plat thereof recorded in Plat Book 272 Pages 83 and 84 of the St. Louis County Records
> **Parcel ID Number: 04J320170**

hereafter collectively called "Property".

4.  Defendant Stonegate Mortgage Corporation, hereafter "Defendant Stonegate", is a party to this action due to non-payment, embezzlement, Deed Theft, and identity theft regarding the Petitioners' Property.

5.  Defendant Lakeview Loan Servicing, LLC, hereafter "Defendant Lakeview", is a party to this action due to non-payment, embezzlement, Deed Theft, and identity theft regarding the Petitioners' Property.

6.  Defendant St. Louis County, Missouri, hereafter "Defendant STL County", is a party to this action due to: (1) identity theft regarding Case No. 24SL-CC01836, and (2) violation of due process of law, by denying Plaintiffs their constitutional right of a trial by jury.

7.  Defendant Mortgage Electronic Registration Systems, hereafter "Defendant MERS", is a party to this action due to: (1) Identity Theft regarding Security Deed; (2) Deed Theft; (3) Non Payment; and (4) Unlawful Conveyance of Ownership by claiming to be the rightful owner and Beneficiary of Plaintiffs' Security Deed.

## IV. PREMISES REGARDING STONEGATE MORTGAGE CORPORATION/ Loan Number 0000526796

8.      On October 14, 2014, Plaintiff Bobbie S. Jones indorsed a Note with Defendant Stonegate identified as Loan Number 0000526796. See Attachment 1: NOTE.

9.      Plaintiffs assert that the Consumer Credit Contract disguised as a NOTE bearing Loan Number 0000526796, is unfair and deceptive in its entirety as it fails to contain the required Notice from 16 CFR 433.2, which reads:

> § 433.2 Preservation of consumers' claims and defenses, unfair or deceptive acts or practices.
> In connection with any sale or lease of goods or services to consumers, in or affecting commerce as "commerce" is defined in the Federal Trade Commission Act, it is an unfair or deceptive act or practice within the meaning of section 5 of that Act for a seller, directly or indirectly, to:
>
> **(a)** Take or receive a consumer credit contract which fails to contain the following provision in at least ten point, bold face, type:
>
> **NOTICE**
>
> ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
>
> Or,
> **(b)** Accept, as full or partial payment for such sale or lease, the proceeds of any purchase money loan (as purchase money loan is defined herein), unless any consumer credit contract made in connection with such purchase money loan contains the following provision in at least ten point, bold face, type:
> **NOTICE**
>
> ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

10.      Plaintiffs asserts that Bobbie S. Jones did not receive $192,940.00 in hand or in any of his accounts regarding Loan Number 0000526796, from the alleged creditor, Defendant Stonegate.

11.    Plaintiffs assert that Defendant Stonegate is the borrower as they received funds on behalf of Bobbie S. Jones from the Missouri State Treasury or other third-party purchaser for value.

12.    Plaintiffs assert that Bobbie S. Jones is the beneficiary of the NOTE regarding Loan Number 0000526796.

13.    Plaintiffs assert that Defendant Stonegate sold the NOTE without recourse to Defendant Lakeview and as result of said sale, Defendant Stonegate retains no legal or equitable interest in the collateral sold (the NOTE).

14.    Plaintiffs assert that Defendant Stonegate committed the act of Identity Theft by forging Plaintiff Bobbie S. Jones's signature on Power of Attorney documents and Negotiable Instruments.

15.    Plaintiffs herein initiate the foreclosure[1] of the NOTE due to non-payment, Embezzlement, Misappropriation of Funds and Identity Theft.

16.    Plaintiffs assert that there was no meeting of the minds in regards to Loan Number 0000526796.

17.    Plaintiffs assert that there was no consideration given from Defendant Stonegate for the use of Bobbie S. Jones's collateral security (the NOTE).

18.    Plaintiffs rescinded the NOTE/ Loan Number 0000526796. See Attachment 2: Rescission.  See Attachment 2: Rescission.

19.    Plaintiffs assert that Defendant Stonegate sold Plaintiffs' NOTE "Without Recourse" to Lakeview Loan Servicing. See Attachment 1: NOTE.

20.    Plaintiffs assert that Defendant Stonegate embezzled funds that in equity and good conscience belong to the Plaintiffs.

---

[1]    Foreclosure is a legal process where a lender, Bobbie S. Jones, seizes a property because the borrower, Stonegate, failed to make ~~stops making~~ mortgage payments.

21.    Plaintiffs assert that Defendant Stonegate received funds, from the sale of the NOTE, in the name of Plaintiff Bobbie S. Jones.

22.    Plaintiffs assert that Defendant Stonegate failed to distribute said funds to Plaintiff Bobbie S. Jones

23.    Plaintiffs assert that Defendant Stonegate is engaged in an ongoing pattern or practice of conduct, including embezzlement, that deprives persons of rights, privileges and immunities secured and protected by the Missouri Constitution, the United States Constitution, State law and Federal law.

## V. CHARGES AGAINST DEFENDANT STONEGATE

The premises considered, Plaintiffs charge Defendant Stonegate with the following:

24.    Plaintiffs charge Defendant Stonegate Mortgage Corporation with Unlawful Conversion of Property. Defendant Stonegate willfully, knowingly, and intentionally interfered with the rightful owner's possession, and unlawfully exercised dominion or control of Plaintiffs' NOTE.

25.    Plaintiffs charge Defendant Stonegate Mortgage Corporation with Embezzlement. Defendant Stonegate willfully, knowingly, and intentionally misappropriated funds belonging to Plaintiffs regarding Loan Number 0000526796.

26.    Plaintiffs charge Defendant Stonegate Mortgage Corporation with Unjust Enrichment. Defendant Stonegate willfully, knowingly, intentionally, and unlawfully unfairly benefitted, at the expense of the Plaintiffs, by depositing Plaintiff's NOTE into a demand transaction account and unlawfully converting $192,940.00 for their own use.

27.     Plaintiffs charge Defendant Stonegate Mortgage Corporation with financial fraud. Defendant Stonegate willfully, knowingly, intentionally, and unlawfully committed the act of deceptive misrepresentation of the true nature of the NOTE, for personal gain.

28.     Plaintiffs charge Defendant Stonegate Mortgage Corporation with non-payment. Defendant Stonegate willfully, knowingly, intentionally, and unlawfully failed to pay $192,940.00 to Plaintiff Bobbie S. Jones.

29.     Plaintiffs charge Defendant Stonegate Mortgage Corporation with Endangering a Security Interest. Defendant Stonegate willfully, knowingly, intentionally, and unlawfully hindered the enforcement of a security interest owing to Plaintiff Bobbie S. Jones.

30.     Plaintiffs charge Defendant Stonegate Mortgage Corporation with Identity Theft. Defendant Stonegate willfully, knowingly, intentionally, and unlawfully forged Plaintiff's signature on Power of Attorney documents, which were not memorialized or subscribed to by Plaintiff, in order to commit financial fraud and collect payments in the name of Plaintiff Bobbie S. Jones.

31.     Plaintiffs charge Defendant Stonegate Mortgage Corporation with Deed fraud (also known as "home title theft" or "house stealing"). Defendant Stonegate willfully, knowingly, and intentionally forged Plaintiff Bobbie S. Jones's signature or used a copy of Plaintiff Bobbie S. Jones's identification card to transfer Plaintiff property's title into their name, without full disclosure. Defendant Stonegate then used this fraudulent ownership to sell the Property, or payment intangibles.

## VI. PREMISES REGARDING LAKEVIEW LOAN SERVICING LLC/Loan Number 0100256833

32.    On January 8, 2018, Plaintiffs indorsed a LOAN MODIFICATION AGREEMENT, through fraud, accident, or mistake.  See Attachment 3: LOAN MODIFICATION AGREEMENT.

33.    Plaintiffs allege that Defendant Lakeview Loan Servicing, LLC ("Defendant Lakeview") forged Form 1340/APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS using Plaintiffs' names, without consent or permission from Plaintiffs.

34.    Plaintiffs assert that the LOAN MODIFICATION AGREEMENT fails to bear the NOTICE from 16 CFR 433.2 (quoted above), which renders the LOAN MODIFICATION AGREEMENT unfair and deceptive in its entirety.  See Attachment 3: LOAN MODIFICATION AGREEMENT.

35.    Plaintiffs assert that Defendant Lakeview failed to make payments to Plaintiffs for the use of their financial asset in which Defendant Lakeview allegedly has in its possession, custody, or control.

36.    Plaintiffs state with specificity, that Defendant Lakeview failed to file Form 1066 REMIC TAX RETURN, and has not taken the election to treat the property as foreclosure property. [See 26 U.S.C. § 856 and § 857]

37.    Plaintiffs assert that Defendant Lakeview took the NOTE and LOAN MODIFICATION AGREEMENT subject to all claims and defenses, which Plaintiffs did assert against Stonegate Mortgage Corporation.  See Attachment 4: Affidavit of Claim.

38.    Plaintiffs state with specificity, that Defendant Lakeview is the borrower regarding the LOAN MODIFICATION AGREEMENT.

39.    Plaintiffs allege Defendant Lakeview lacks standing to enforce the Note and/or the LOAN MODIFICATION AGREEMENT due to non-payment and securitization of Loan Number 0100256833.

40.     Plaintiffs allege Defendant Lakeview lacks standing to enforce the LOAN MODIFICATION AGREEMENT due to its willful failure to make payment to Plaintiffs.

41.     Plaintiffs state with specificity that Defendant Lakeview is not in possession of the original NOTE and/ or LOAN MODIFICATION AGREEMENT.

42.     Plaintiffs allege that Defendant Lakeview sold "without recourse" the NOTE and/or LOAN MODIFICATION AGREEMENT.

43.     Plaintiffs assert that Defendant Lakeview failed to notify Plaintiffs of their right to rescind the LOAN MODIFICATION AGREEMENT by failing to provide Plaintiffs with an H-8 RESCISSION MODEL FORM before filing an action in the 21st Judicial Circuit Court.

44.     Plaintiffs state with specificity that Defendant Lakeview is not the legal or equitable owner of the original NOTE and/or LOAN MODIFICATION AGREEMENT.

45.     Plaintiffs assert that Defendant Lakeview sold the LOAN MODIFICATION AGREEMENT to third-party purchasers for value and, Defendant Lakeview does not retain any interest in the collateral sold.

46.     Plaintiffs assert that Defendant Lakeview committed the act of Identity Theft by forging Plaintiffs' signatures on Power of Attorney documents, Negotiable Instruments and Tax Forms without the consent and/or authorization of Plaintiffs.

47.     Plaintiffs assert that Defendant Lakeview purchased Plaintiffs' NOTE "Without Recourse" from Defendant Stonegate Mortgage Corporation. See Attachment 1: NOTE.

48.     Plaintiffs rescinded the NOTE/Loan Number 0000526796 on the 11th day of October. See Attachment 2: Rescission.

49.     Plaintiffs assert that Defendant Lakeview is engaged in an ongoing pattern or practice of conduct, including embezzlement, that deprives persons of rights, privileges and

immunities secured and protected by the Missouri Constitution, the United States Constitution, State law and Federal law.

## VII. CHARGES AGAINST DEFENDANT LAKEVIEW

The premises considered, Plaintiffs charge Defendant Lakeview Loan Servicing, LLC, with the following:

50.    Plaintiffs charge Defendant Lakeview Loan Servicing, LLC, with Unlawful Conversion of Ownership.  Defendant Lakeview willfully, knowingly, and intentionally interfered with the rightful owners' possession, and unlawfully exercised dominion or control of Plaintiffs' assets.

51.    Plaintiffs charge Defendant Lakeview Loan Servicing, LLC, with Embezzlement. Defendant Lakeview did willfully, knowingly, intentionally and fraudulently misappropriate Plaintiffs' Assets.

52.    Plaintiffs charge Defendant Lakeview Loan Servicing, LLC with Unjust Enrichment. Defendant Lakeview did willfully, knowingly, intentionally and unlawfully, benefit unfairly at the expense of Plaintiffs, by depositing Plaintiffs' NOTE and/or LOAN MODIFICATION AGREEMENT into a demand transaction account and unlawfully converting $192,940.00 for their own use.

53.    Plaintiffs charge Defendant Lakeview Loan Servicing, LLC with financial fraud. Defendant Lakeview did willfully, knowingly, intentionally and unlawfully, commit the act of deceptive misrepresentation of the true nature of the NOTE and/or LOAN MODIFICATION AGREEMENT for personal gain.

54.     Plaintiffs charge Defendant Lakeview Loan Servicing, LLC with non-payment. Defendant Lakeview did willfully, knowingly, intentionally and unlawfully, fail to pay $192,940.00 owing to Plaintiffs.

55.     Plaintiffs charge Defendant Lakeview Loan Servicing, LLC with Endangering a Security Interest. Defendant Lakeview did willfully, knowingly, intentionally and unlawfully, filed a frivolous action against Plaintiffs, in the 21st Judicial Circuit Court, with the intent to hinder the enforcement of a security interest owing to Plaintiffs.

56.     Plaintiffs charge Defendant Lakeview Loan Servicing, LLC with Identity Theft for forging Plaintiffs' signatures on Power of Attorney documents, Negotiable Instruments and Tax forms without the expressed written consent of Plaintiffs.

## VIII. PREMISES REGARDING ST. LOUIS COUNTY MISSOURI

**A. Judge John N. Borbonus/ACCOUNT NUMBER 24L-CC01836**—Plaintiffs assert that the following premises concerns Judge John N. Borbonus, an employee of the 21st Judicial Circuit Court, St. Louis County, Missouri.

57.     On May 13, 2024, Defendant Lakeview Loan Servicing filed a Civil Action against Plaintiffs in the 21st Judicial Circuit Court, St. Louis County, Missouri.

58.     Plaintiffs allege that Judge John N. Borbonus acted in clear absence of all jurisdiction by forging Plaintiffs' signatures on Form 1340/APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS, without consent or permission from Plaintiffs.

59.     Plaintiffs assert that St. Louis County took Case No. 24SL-CC01836 subject to all Plaintiffs' claims and defenses, which Plaintiffs did assert against the 21st Judicial Circuit Court of St. Louis County, Missouri.  See Attachment 5: Affidavit of Claim.

60.     Plaintiffs assert that Judge John N. Borbonus acted in clear absence of all jurisdiction for committing the act of Identity Theft, by forging Plaintiffs' signatures on Power of

Attorney documents, Negotiable Instruments and Tax Forms regarding Case No. 24SL-CC01836 with out the consent and/or authorization of Plaintiffs.

61.     Plaintiffs assert that Judge John N. Borbonus acted outside the scope of his authority by committing acts of Treason in: (1) denying Plaintiffs the right to a Trial by Jury, and (2) denying Plaintiffs the right to a court reporter in a court of record.  See Missouri Constitution, ARTICLE I BILL OF RIGHTS Section 22(a).

62.     Plaintiffs assert that their right to a Trial by Jury was not waived, and therefore said right remains inviolate, under the Missouri Constitution.

63.     Plaintiffs allege that Judge John N. Borbonus acted in clear absence of all jurisdiction by concocting a patently false FULL AND FINAL JUDGMENT, to steal Plaintiffs' real property and property interests.  See Attachment 6: FULL AND FINAL JUDGMENT.

64.     Plaintiffs assert that Judge John N. Borbonus violated his Oath of Office by creating a bogus judicial lien, absent due process of law.

65.     Plaintiffs allege that Judge John N. Borbonus failed to safeguard their rights, thereby betraying his Oath to Support the Missouri Constitution and the United States Constitution.

66.     Plaintiffs rescinded Case No. 24SL-CC01836 for fraud on the 27th day of July 2026 due to fraud. See Attachment 7: AFFIDAVIT AND NOTICE OF RESCISSION FOR IDENTITY THEFT AND DUE PROCESS VIOLATIONS.

67.     Plaintiffs allege that Judge John N. Borbonus and Clerk of Court Joan M. Gilmer conspired to deprive Plaintiffs of their right of due process of law.

68.     Plaintiffs assert that Judge John N. Borbonus is engaged in an ongoing pattern or practice of conduct, including violating due process of law, that deprives persons of rights,

privileges and immunities secured and protected by the Missouri Constitution, the United States Constitution, State law and Federal law.

**B. Clerk of Court Joan M. Gilmer**—Plaintiffs assert that the following premises concerns Clerk of Court Joan M. Gilmer, an employee of 21st Judicial Circuit Court, St. Louis County, Missouri.

69. Plaintiffs allege that Clerk of Court Joan M. Gilmer acted outside the scope of her authority by forging Plaintiffs' signatures on Form 1340/APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS, for Case No. 24SL-CC01836, without consent or permission from Plaintiffs.

70. Plaintiffs allege that Clerk of Court Joan M. Gilmer acted outside the scope of her authority by her failure to schedule a conference for Discovery.

71. Plaintiffs allege that Clerk of Court Joan M. Gilmer acted in clear absence of all jurisdiction by her failure to set a trial by jury regarding Case No. 24SL-CC01836.

72. Plaintiffs assert that Clerk of Court Joan M. Gilmer created Case No. 24SL-CC01836, which fails to bear the NOTICE from 16 CFR 433.2, thereby rendering said case/account number unfair and deceptive in its entirety.

73. Plaintiffs assert that Clerk of Court Joan M. Gilmer acted in clear absence of all jurisdiction by committing the act of Identity Theft, i.e. forging Plaintiffs' signatures on Power of Attorney documents, Negotiable Instruments and Tax Forms regarding Case No. 24SL-CC01836 without the consent and/or authorization of Plaintiffs.

74. Plaintiffs allege that Clerk of Court Joan M. Gilmer and Judge John N. Borbonus conspired to deprive Plaintiffs of their right of due process of law.

75. Plaintiffs assert that Clerk of Court Joan M. Gilmer is engaged in an ongoing pattern or practice of conduct, including violating due process of law, that deprives persons of

rights, privileges and immunities secured and protected by the Missouri Constitution, the United States Constitution, State law and Federal law.

## IX. CHARGES

The premises considered, Plaintiffs charge Defendant ST. LOUIS COUNTY MISSOURI with the following:

76.     Plaintiffs charge Defendant ST. LOUIS COUNTY MISSOURI, for the unlawful acts of their agents, named above, with violation of due process of law by denying Plaintiffs the right of a trial by Jury as demanded, pursuant to Missouri Constitution, ARTICLE I BILL OF RIGHTS Section 22(a).

77.     Plaintiffs charge Defendant ST. LOUIS COUNTY MISSOURI, for the unlawful acts of their agents, named above, with Identity Theft for forging Petitioners' signatures on Power of Attorney documents, Negotiable Instruments and Tax forms without the expressed written consent of the Plaintiffs.

78.     Plaintiffs charge Defendant ST. LOUIS COUNTY MISSOURI, for the unlawful acts of their agents, named above, with Conspiracy Against Rights for conspiring against the Plaintiffs to deny them of their due process rights.

79.     Plaintiffs charge Defendant ST. LOUIS COUNTY MISSOURI, for the unlawful acts of their agents, named above, with discrimination for treating the Plaintiffs unfairly and showing bias in favor of Defendant Lakeview.

## X. PREMISES REGARDING MERS/ Loan Number 0000526796

80. On October 14, 2014, Plaintiff Bobbie S. Jones indorsed a Note with Stonegate Mortgage Corporation identified as Loan Number 0000526796. See Attachment 1: NOTE.

81. Plaintiffs assert that the Consumer Credit Contract disguised as a NOTE bearing Loan Number 0000526796, is unfair and deceptive in its entirety as it fails to contain the required Notice from 16 CFR 433.2, before stated above in ¶ 9.

82. Plaintiffs assert that they did not receive $192,940.00 in hand or in any of their accounts regarding Loan Number 0000526796.

83. Plaintiffs assert that Defendant MERS is the borrower as they received funds on behalf of Plaintiff Bobbie S. Jones from the Missouri State Treasury or other third-party purchaser for value.

84. Plaintiffs assert that Plaintiffs Bobbie S. Jones and Ronice Porter are the beneficiaries of the NOTE and Security Deed regarding Loan Number 0000526796.

85. Plaintiffs assert that Defendant MERS sold the NOTE and Security Deed "Without Recourse" to undisclosed third-party purchasers for value and, Defendant MERS retains no legal or equitable interest in the collateral sold.

86. Plaintiffs assert that Defendant MERS committed the act of Identity Theft by forging Plaintiff Bobbie S. Jones' signature on Power of Attorney documents and Negotiable Instruments regarding Loan Number 0000526796.

87. Plaintiffs initiate the foreclosure[2] of the NOTE due to non-payment, Embezzlement, Misappropriation of Funds, Identity Theft and Deed Theft.

88. Plaintiffs assert that there was no meeting of the minds in regards to Loan Number 0000526796.

89. Plaintiffs assert that there was no consideration given from Defendant MERS for the use of Plaintiffs' collateral security (the NOTE).

---

[2] See Footnote No. 1. for definition of "foreclosure".

90.    Plaintiffs assert that Plaintiff Bobbie S. Jones rescinded the NOTE/ Loan Number 0000526796. See Attachment 2: Rescission.

91.    Plaintiffs assert that Defendant MERS is engaged in an ongoing pattern or practice of conduct, including Deed Theft, that deprives persons of rights, privileges and immunities secured and protected by the Missouri Constitution, the United States Constitution, State law and Federal law.

## XI. CHARGES

The premises considered, Plaintiffs charges Defendant MERS, with the following:

92.    Plaintiffs charge Defendant MERS with Unlawful Conversion of Property, Defendant MERS did willfully, knowingly, and intentionally interfere with the rightful owner's possession, and unlawfully exercised dominion or control of Plaintiff's NOTE.

93.    Plaintiffs charge Defendant MERS with Embezzlement. Defendant MERS did willfully, knowingly and intentionally misappropriate funds belonging to Plaintiffs regarding Loan Number 0000526796.

94.    Plaintiffs charge Defendant MERS with Unjust Enrichment. Defendant MERS did willfully, knowingly, intentionally and unlawfully, benefit unfairly at the expense of Plaintiffs by depositing the NOTE into a demand transaction account and unlawfully converting $192,940.00 for their own use.

95.    Plaintiff charge Defendant MERS with financial fraud. Defendant MERS did willfully, knowingly, intentionally and unlawfully, commit the act of deceptive misrepresentation of Plaintiff's funds or assets for personal gain.

96.    Plaintiffs charge Defendant MERS with non-payment. Defendant MERS did willfully, knowingly, intentionally and unlawfully fail to pay $192,940.00 to Plaintiffs.

97.    Plaintiffs charge Defendant MERS with Endangering a Security Interest. Defendant MERS did willfully, knowingly, intentionally and unlawfully, hinder the enforcement of a security interest owing to Plaintiffs.

98.    Plaintiffs charge Defendant MERS with Identity Theft. Defendant MERS did willfully, knowingly, intentionally and unlawfully forge Plaintiffs' signature(s) on Power of Attorney documents, which were not memorialized or subscribed to by Plaintiffs.

99.    Plaintiffs charge Defendant MERS with Deed fraud (also known as "home title theft" or "house stealing"). Defendant MERS did willfully, knowingly and intentionally forge Plaintiffs' signature(s) or used a copy of Plaintiff Bobbie S. Jones's identification card to transfer Plaintiff's Property into their name, without full disclosure.

100.    Plaintiffs charge Defendant MERS with conspiracy against rights. Defendant MERS conspired with Defendant COUNTY OF ST. LOUIS, Defendant Lakeview, and Defendant Stonegate to deprive Plaintiffs of rights secured by the Missouri Constitution, the United States Constitution, federal law and state law.

## XII. CITATION AND AUTHORITY

101.    The sale of the deed without the note is a nullity as both note and deed are inseparable. See Carpenter v. Longan, 83 U.S. 16 Wall. 271 (1872).

102.    Missouri Constitution, ARTICLE I BILL OF RIGHTS Section 10. Due process of law—That no person shall be deprived of life, liberty or property without due process of law.

103.    Missouri Constitution, ARTICLE I BILL OF RIGHTS Section 22(a). Right of trial by jury-qualification of jurors – two-thirds verdict—That the right of trial by jury as heretofore enjoyed shall remain inviolate.

## XIII. PLAINTIFFS DEMAND A TRIAL BY JURY

104.   Plaintiffs demand their **guaranteed right** to a Trial by Jury pursuant to Amendment 7 of the United States Constitution and the Missouri Constitution.

## XIV.  PRAYER FOR AN ACCOUNT

105.   Plaintiffs pray that Defendant Stonegate Mortgage Corporation, Defendant Lakeview Loan Servicing, LLC, Defendant St. Louis County, and Defendant MERS be required to set out in their answers a full and detailed account of all moneys, notes of hand, accounts, or other evidences of debt, and all property of every kind that came into their financial institutions, regarding Plaintiffs' Property and Case No. 24SL-CC01836, and show what disposition said Defendants made of them.

## XV. DEMAND FOR REMEDY

Wherefore, Plaintiffs demand the Court grant the necessary relief as follows:

(1) Grant Plaintiffs $192,940.00, plus the cost of this civil action due to Defendant Stonegate Defendant Lakeview, and Defendant MERS, non-payment to Plaintiffs;

(2) Order the NOTE and LOAN MODIFICATION AGREEMENT rescinded in their entirety due to non-payment, Identity Theft and unfair and deceptive acts or practices;

(3) Grant Plaintiffs a Bill of Peace against Defendant Stonegate Mortgage Corporation, Defendant Lakeview Loan Servicing, LLC, and Defendant MERS;

(4) Grant judgment in favor of Plaintiffs on all charges;

(5) Tax Defendant Stonegate Mortgage Corporation, Defendant Lakeview Loan Servicing, LLC., Defendant MERS and Defendant STL County with all costs of this cause;

(6) Grant such further and other relief as the Court deems just and proper.

**NOTICE: This Court is prohibited from assuming Power of Attorney and/or Creating Power of Attorney documents, using the names of the Plaintiffs, without the Expressed written consent of Bobbie S. Jones and Ronice Porter. See Attachment 8: Plaintiffs' Power of Attorney. Further, this Court is prohibited from violating Plaintiffs' right to a Trial by Jury, pursuant to the United States Constitution Amendment VII. If this Court interferes with the administration of Justice, Plaintiffs will file Affidavits of Treason against the Court actors and the United States will be held liable for denying and suspending Plaintiffs' right to a trial by jury.**

We, Bobbie S. Jones and Ronice Porter, verify under penalty of perjury that the foregoing is true and correct to the best of our personal knowledge. We reserve all legal and equitable rights, without recourse, including and not limited to our right of equity of redemption. Done in good faith with clean hands this ___6TH___ day of ___August___, 20_26_.

By: _____
Bobbie S. Jones, Beneficiary
3905 McCarren Ct.
Florissant, MO 63034
Phone: (314) 333-1107
Email: mrbobbiesjones@gmail.com

By: _____
Ronice Porter, Beneficiary
3905 McCarren Ct.
Florissant, MO 63034
Phone: (314) 333-1107

STATE OF MISSOURI   )
                    ) ss.
COUNTY OF ST. LOUIS)

### ACKNOWLEDGMENT

On this _6TH_ day of ___August___ 20_26_, before me personally came Bobbie S. Jones and Ronice Porter who are known to me to be the individuals described in, and who executed the foregoing instrument, and acknowledged that they executed the same as their free and voluntary act.

_____
Notary Public

_12/16/2026_
My Commission Expires

KIM FIELDS
NOTARY PUBLIC, NOTARY SEAL
STATE OF MISSOURI
ST LOUIS COUNTY
COMMISSION # 23357918
MY COMMISSION EXPIRES: 12/16/2026

18 of 19

## CERTIFICATE OF SERVICE

I, Bobbie S. Jones, certify that on this _6TH_ day of __August__ 20_26_ that the foregoing BILL OF COMPLAINT was served to the following:

U.S. DISTRICT COURT                          Hand-Delivered
EASTERN DISTRICT OF MISSOURI
111S 10th St # 3.300
St. Louis, Missouri 63102

/s/ *Bobbie S. Jones*
Bobbie S. Jones

## ATTACHMENTS

Attachment 1: NOTE
Attachment 2: Rescission (of NOTE)
Attachment 3: LOAN MODIFICATION AGREEMENT
Attachment 4: Affidavit of Claim (NOTE and Loan Modification Agreement)
Attachment 5: Affidavit of Claim (Case No. 24SL-CC01836 )
Attachment 6:  FULL AND FINAL JUDGMENT
Attachment 7: AFFIDAVIT AND NOTICE OF RESCISSION FOR IDENTITY THEFT AND
        DUE PROCESS VIOLATIONS
Attachment 8: Plaintiffs' Power of Attorney